**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JAVOLE NUNNERY                                          CIVIL ACTION

VERSUS                                                  NO. 13-6116

AMERICAN SECURITY INSURANCE COMPANY                     SECTION "F" (3)

**REPORT AND RECOMMENDATION**

On February 21, 2014, this Court granted as unopposed defendant's motion to compel and ordered plaintiff to respond to defendant's discovery requests no later than ten days from the date of the order.  [Doc. #11].  Plaintiff failed to comply with this Court's order.  Mindful of the upcoming deadlines, defendant American Security Insurance Company ("ASIC") then filed a Motion for Contempt.  [Doc. #12].

On April 9, 2014, the Motion for Contempt [Doc. #12] came on for oral hearing before the undersigned.  Present were Melissa DeBarbieris on behalf of plaintiff and Gordon Serou on behalf of ASIC.  After the oral hearing, the Court granted in part the motion and held that if the documents that ASICt seeks were not produced to it by Wednesday, April 16, 2014, this Court would recommend to the District Court that it dismiss plaintiff's lawsuit with prejudice for his continual failure to comply with this Court's orders.  The Court also ordered ASIC to inform the Court whether it had received the documents on Thursday, April 17, 2014.  On that date, ASIC notified the Court that plaintiff had not complied for a second time with this Court's order.  [Doc. #18].

The discovery deadline is fast approaching (May 18, 2014), and ASIC has been unable to proceed in this lawsuit given plaintiff's recalcitrance to participate in the discovery process.  Federal Rule of Civil Procedure 37(b)(2)(C) specifically authorizes dismissal of a party's civil lawsuit as a sanction for failure to comply with a court's discovery order.  The Fifth Circuit has ruled, however, that the draconian discovery sanction of dismissal, which ASIC seeks in its motion for contempt, is reserved only for instances in which a party has demonstrated a clear history of repeated delay or contumacious discovery conduct. *Fed. Deposit Ins. Corp. v. Connor*, 20 F.3d 13 76, 1381 (5th Cir. 1994); *Ginther v. Sea Support Servs*. L.L.C., No. 00-2928, 2002 WL 1213601, at *4 (E.D. La. June 4, 2002).

> The Fifth Circuit
>
> has articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order. First, . . . dismissal with prejudice is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct. . . . Further, we have noted that the violation of the discovery order must be attributable to the client instead of the attorney. . . We have also held that the violating party's misconduct 'must substantially prejudice the opposing party. . . . Finally, we have indicated that dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect.

*Connor*, 20 F.3d at 1380-81 (internal quotations and citations omitted).

"Rule 37 should not be construed to authorize dismissal of (a) complaint because of petitioner's noncompliance with a pretrial (discovery) order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner. . . . The limitation of the use of this sanction applies to protect those who, through no fault of their own, are unable to comply with court orders. . . . It does not protect willful or bad faith compliance with court orders." *In re Liquid Carbonic Etc.*, 580 F.2d 819, 822 (5th Cir. 1978) (citations omitted).

Here, the Court finds that the refusal to comply with the Court's orders is willful on the part of plaintiff and accompanied by a clear record of delay.  Counsel for plaintiff outlined to the Court at the oral hearing the numerous attempts that she has made to contact plaintiff and to explain to him the importance of complying with the Court's orders.  The delay is clearly attributable to plaintiff himself and not counsel.  Plaintiff's refusal to respond to defendant's discovery requests has substantially prejudiced ASIC, who has no discovery to aid in preparation for a trial.  The Court can not think of a lesser sanction that would achieve compliance with the Court's orders.  Were the Court to issue a monetary sanction, for example, there is no indication from the record here that plaintiff would comply with that order.  Accordingly,

**IT IS RECOMMENDED** that the Motion for Contempt [Doc. #12] be GRANTED IN FULL, and that plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to comply with this Court's orders.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 1st day of May, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**